IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMMANUEL R. BEAULIEU,             Civil No. 10-6049-AA
                                                                       OPINION AND ORDER
       Plaintiff,

   vs.

UNITED STATES OF AMERICA, et al.,

       Defendant.

_____

Emmanuel R. Beaulieu
06041 Canary Road
Westlake, Oregon 97493
     Plaintiff appearing pro se

Dwight Holton
United States Attorney
District of Oregon
1000 SW 3rd Avenue, Suite 600
Portland, Oregon 97204-2902

Kari D. Larson
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
     Attorneys for defendant


Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant United States of America filed a motion to dismiss for lack of subject matter jurisdiction. That motion is granted and this case is dismissed.

## BACKGROUND

On February 23, 2010, plaintiff filed a document titled, "MANDAMUS, 28 U.S.C. § 1361." Defendant asserts that plaintiff owes tax liabilities in the amount of $593,376.33 for the tax years 2000 through 2006. Plaintiff seeks to enjoin the Internal Revenue Service ("IRS") from collecting taxes, by means of "Mandamus to order the [IRS] to provide proper certified official [IRS Forms] 4340 summary records of tax assessments." The "complaint" essentially asks this court to enjoin the IRS from tax collection activities arguing that those activities are improper.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. For the purpose of the motion

Page 2 - OPINION AND ORDER

to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983).

In order to establish subject matter jurisdiction in an action against the United States, there must be: (1) "statutory authority vesting a district court with subject matter jurisdiction; and (2) a "wavier of sovereign immunity." <u>Alvarado v. Table Mountain Rancheria</u>, 509 F.3d 1008, 1016 (9th Cir. 2007). Even where statutory authority vests the district courts with subject matter jurisdiction, the United States cannot be sued unless it has expressly consented to be sued. <u>Dunn & Black P.S. v. United States</u>, 492 F.3d 1084, 1087-88 (9th Cir. 2007).

<u>DISCUSSION</u>

Plaintiff alleges that the IRS has failed to provide adequate documentation to plaintiff regarding his alleged tax liabilities. Plaintiff has not identified, nor is the court aware, of any statutory basis for a waiver of defendant's sovereign immunity in this situation. Waivers of sovereign immunity cannot be implied, they must be unequivocally expressed. <u>Dunn & Black P.S.</u>, 492 F.3d at 1088. All waivers must be strictly construed in favor of the sovereign. <u>Id.</u> Finally, the burden is on plaintiff to establish both elements of subject matter jurisdiction when bringing an action against the United States. <u>Id.</u> When plaintiff fails to do so, as here, "dismissal

of the action is required." Id.

Moreover, even if this court found that defendant had waived its sovereign immunity, plaintiff's action fails due to the Anti-Injunction Act. Subject to certain exceptions, that Act prohibits any suit to restrain the collection of taxes. 26 U.S.C. § 7421 ("no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"). The narrow exception to the Anti-Injunction Act, requiring a taxpayer to demonstrate that the United States' claim is "baseless" and that there is "no adequate remedy at law," does not apply here. Church of Scientology of Cal. v. U.S., 920 F.2d 1481, 1486 (9th Cir. 1990)(internal citation omitted). The complaint fails to allege any facts that, if proven, would establish that "under no circumstances could the government ultimately prevail." Id. at 1485.

Finally, to the extent the court can construe the complaint as seeking declaratory relief, this court lacks subject matter jurisdiction. The Declaratory Judgment Act specifically exempts matters involving federal taxes. 28 U.S.C. § 2201.

## CONCLUSION

Defendant's motion to dismiss (doc. 3) is granted. This case is dismissed. All pending motions are denied as moot.
IT IS SO ORDERED.

Dated this  16   day of July 2010.


                    /s/ Ann Aiken
                     Ann Aiken
              United States District Judge

Page 5 - OPINION AND ORDER